UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RASHEED I. MUHAMMAD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-0311-AGF |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Rasheed Muhammad's Motion to Amend Judgment (Doc. No. 25). Petitioner's motion will be denied.

Petitioner argues that the Court erred in its Memorandum and Order of March 16, 2016, by which the Court denied Petitioner habeas relief, by giving undue weight to the prosecutor's statement of the facts as presented at Petitioner's plea hearing. Petitioner argues that the facts the Court relied upon "were the prosecutor's statement of what he intended to prove." (Doc. No. 25 at 2.) The statement of these facts was as follows:

> There were at least seven people that saw the defendant engage in a verbal altercation with at least seven people and one of the friends which was Djuan Rives who - - there may have been some physical contact between the individuals and several of the witnesses. They noticed that the defendant had a gun on him, and several of the witnesses also would testify that the defendant, after Djuan Rives slipped and fell into him, that the defendant then pulled this handgun, this 9 millimeter Jennings pistol, and shot the victim once in the chest and - - which killed him. Witnesses also saw the

>     defendant hide a 9 millimeter Jennings pistol in the side of a
>     dumpster which they told police about and was recovered that
>     night.

Doc. No. 23-2 at 18-19.

However, as explained in the Court's Memorandum and Order (Doc. No. 23 at 2-3), Petitioner agreed during his plea hearing that the facts as stated were substantially correct. The transcript from Petitioner's plea hearing demonstrates that after being read the statement of the facts above, Petitioner was asked, "[I]s the evidence as stated by the assistant prosecuting attorney substantially correct?" *Id.* at 19. Petitioner replied, "Yes, sir." *Id.*

For the reasons explained in the previous Memorandum and Order, the defenses of self-defense and the lesser included offenses of voluntary or involuntary manslaughter were untenable based on the facts as Petitioner agreed to them. Therefore, for all of the reasons detailed in the Court's Memorandum and Order of March 16, 2016, Petitioner is not entitled to federal habeas relief.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rasheed Muhammad's Motion to Amend Judgment (Doc. No. 25) is **DENIED**.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2016.